IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEBBIE ZAMPRELLI,

    Plaintiff,

v.

    Civ. No. 00-181 BB/LFG

AMERICAN GOLF CORPORATION,
a Foreign Corporation d/b/a Paradise
Hills Golf Club, and
WILLIAM WINKLER, an individual,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the court on Defendants' Petition for Order Compelling Arbitration. Having reviewed the parties' submissions and the relevant case law, the court finds that the Petition will be denied.

Plaintiff Debbie Zamprelli is a golf professional. On October 13, 1997, Zamprelli was offered, and she accepted, a position with Defendant American Golf Corporation ("AGC"). She reported to work on October 20, 1997 and was given, among other items, the "Co-Worker Alliance Handbook" ("Handbook"). The Handbook contained an arbitration clause, which provides in pertinent part:

> I agree that any claim of unlawful harassment or discrimination or claims of wrongful discharge, arising out of my employment with AGC, including public policy claims, contract claims and claims involving any applicable Federal, State, or Local statute, ordinance or regulation relating to the termination of my employment, employment discrimination, harassment or retaliation, will be resolved exclusively by final and binding arbitration and not by court action. I may begin the arbitration process by delivering a written request for arbitration to AGC's Human Resources Department . . . . I acknowledge that am knowingly and voluntarily waiving my right to pursue such claims in court and instead will pursue them through arbitration. If I

> proceed with arbitration, I agree that any such arbitration will be conducted using the 1989 Model Employment Arbitration procedures of the American Arbitration Association ("AAA"). . . . This arbitration shall be the exclusive means of resolving any dispute(s) listed in this agreement and no other action will be brought in any court or administrative forum. If any court of competent jurisdiction declares that any part of this Arbitration Agreement is illegal, invalid or unenforceable, such a declaration will not affect the legality, validity or enforceability of the remaining parts of the Agreement, and the illegal, invalid or unenforceable part will no longer be part of this Agreement.

Plaintiff's Response to Defendants' Petition to Compel Arbitration ("Response")[Doc. 25], Exhibit 1 to Affidavit of Debbie Zamprelli.

At the back of the Handbook is an "Acknowledgment," which provides in pertinent part: "I further understand that the Company reserves the right to amend, supplement, rescind or revise any policy, practice, or benefit described in this handbook -- other than employment at-will provisions -- as it deems appropriate." *Id.*[1] (A copy of the signed Acknowledgment is attached as Exhibit A to Defendants' Petition for Order Compelling Arbitration and Request for Immediate Stay, Doc. 20.)

At some point near the end of 1998, Zamprelli resigned from AGC, due to alleged discrimination and retaliation, primarily from Defendant William Winkler. She was rehired at some point thereafter as an independent contractor. She currently has a contract with AGC, but the new contract does not contain an arbitration clause. Zamprelli has raised several causes of action against both AGC and Winkler, some of which arose during the time the

---

[1] In the body of the Handbook is a similar provision, which provides in pertinent part: "I understand that this handbook supersedes any and all prior handbooks and that *except for employment at-will and the agreement to arbitrate* as provided for in this handbook, AGC reserves the right to at any time change, delete, modify, or add to any of the provisions contained in this handbook at its sole discretion, by giving written notice to us." Handbook, attached as Exhibit 1 to Zamprelli Affidavit, emphasis added. The court need not determine which clause prevails over the other due to the dispositive issue of consideration.

2

alleged arbitration agreement was in force and some of which arose while she was an independent contractor.

In her Response, Zamprelli lists several grounds for which this court should hold the arbitration agreement invalid. Because the court finds that the purported agreement is not supported by consideration the other grounds are not discussed.

The Federal Arbitration Act, 9 U.S.C. §§ 1-16, "creates a presumption in favor of arbitrability . . . ." *Shankle v. B-G Maintenance Management of Colorado, Inc.*, 163 F.3d 1230, 1233 (10th Cir. 1999). "We look to state law principles of contract formation to tell us whether an agreement to arbitrate has been reached." *Avedon Engineering, Inc. v. Seatex*, 126 F.3d 1279, 1287 (10th Cir. 1997). New Mexico contract law requires consideration to support a contract, which requires a benefit to the promisor or a detriment to the promisee. *E.g., Aragon v. Boyd*, 450 P.2d 614, 621 (N.M. 1969).

As noted above, Zamprelli had accepted an offer of employment seven days prior to receiving the Handbook, in which the arbitration clause is contained. Zamprelli was not advised at the time of hiring that agreeing to arbitration was a condition of her employment. In her Affidavit, Zamprelli states that she was presented with the Handbook on her first day of work and was asked to sign the Acknowledgment along with some other papers given to her. Affidavit, ¶¶ 2-4.

New Mexico courts have not ruled on this specific issue, but other courts have found that when employment is not contingent upon signing an arbitration agreement, the agreement must be supported by consideration other than continued at-will employment. *E.g., Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997) (applying Indiana law). In

3

*Gibson*, the court found that the employer's "offer of employment to Gibson was not made in exchange for her promise to arbitrate, for she had already been hired at the time she made the promise. Once again, the element of bargained for exchange is lacking." *Id.* at 1131.

As in *Gibson*, Zamprelli was hired prior to agreeing to arbitration. Upon starting her employment she was asked to surrender a valuable right -- the right to a jury trial -- with no detriment to AGC and no benefit to her. Thus, the purported agreement is unenforceable. *Aragon, supra; see Trumbull v. Century Marketing*, 12 F.Supp.2d 683, 686 (N.D. Ohio 1997) (where employee is provided arbitration agreement after being hired there is no consideration for the agreement). [2]

Having found there was no consideration for the purported agreement, the court does not reach the other issues raised by Zamprelli.

IT IS THEREFORE ORDERED that Defendants' Petition to Compel Arbitration [Doc. 20] is denied.

IT IS SO ORDERED.

Richard L. Puglisi
United States Magistrate Judge

---

[2] AGC argues there is consideration in its promise to be bound by arbitration. However, the clause does not so indicate. The employee agrees to bring all of her claims in arbitration; the employer does not so agree. All of the causes of action listed are those an employee would institute, not an employer. The terms utilized are all for the employee: "I agree" "I acknowledge" and "I may begin the [arbitration] process . . . ." There is no corresponding promise by the employer. *See Gibson*, 121 F.3d at 1130-31 (arbitration clause which contains no promise by employer to submit claims to arbitration is not supported by consideration). AGC's clause suffers the same infirmity as that in *Gibson*.

4