IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**DEBBIE ZAMPRELLI,**

       **Plaintiff,**

v.                                                                   No. CIV 00-181 BB/RLP

**AMERICAN GOLF CORPORATION, a foreign corporation d/b/a Paradise Hills Golf Club, and WILLIAM WINKLER, an individual,**

       **Defendants.**

**MEMORANDUM OPINION AND ORDER
AFFIRMING MAGISTRATE JUDGE**

THIS MATTER is before the Court on Defendants' appeal from the Magistrate Judge's Memorandum Opinion and Order denying Defendants' petition for an order compelling arbitration. Having reviewed the briefs and entertained oral argument on March 19, 2001, the Court FINDS the Magistrate's Order should be Affirmed.

### *Discussion*

#### *Facts*

Plaintiff, Debbie Zamprelli, is a golf professional who was offered a job with Defendant, American Golf Corporation ("Employer" or "AGC"), at the Paradise Hills Golf Club on October 13, 1997. She accepted and on October 17, 1997, signed an acknowledgment of "receipt, understanding and agreement" that she was given several employment-related documents including Defendant's "Commitment to Safety," "Policy Against Harassment," and "We Can Work It Out" program. In small print underneath the bold print captions of these documents, it states: "I have received a [sic] copies of these materials, have read and understand them, and will comply with all applicable provisions therein." However, Defendants were unable to produce a signed copy of the actual "We Can Work It Out" agreement.

When Plaintiff actually began work on October 20, she received a copy of Defendant's "Co-Worker Alliance Handbook" ("Handbook"). That Handbook also contains the same "We Can Work It Out" provisions including the agreement to waive any court action in favor of exclusive arbitration. Indeed, the acknowledgment immediately above the signature line in the back of the Handbook states, "I further acknowledge that I have read and agree to be bound

by the arbitration policy set forth on page 20 of this handbook." The acknowledgment also states, "I further understand that the Company reserves the right to amend, supplement, rescind or revise any policy, practice, or benefit described in this handbook – other than employment at-will provisions – as it deems appropriate."

Near the end of 1998, Plaintiff resigned from AGC alleging discrimination and retaliation, primarily by Defendant William Winkler. She has raised several causes of action based on her employment with AGC. Employer moved to dismiss on the ground Plaintiff is contractually bound to arbitrate. Magistrate Judge Puglisi rejected this contention on the basis "that the purported [arbitration] agreement is not supported by consideration." AGC appeals.

*Analysis*

There is no question that an employee can contract away her right to litigate any or all claims against her employer in favor of arbitration. *Circuit City Stores, Inc. v. Adams*, No. 99-1379, 2001 WL 273205 (U.S. Mar. 21, 2001); *Metz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482 (10th Cir. 1994). Moreover, the Federal Arbitration Act, 9 U.S.C. §§ 1-16, creates a general presumption in favor of arbitration. *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991); *Shankle v. B-G Maintenance Management of Colo., Inc.*, 163 F.3d 1230

**(10th Cir. 1999). However, each arbitration agreement must be analyzed under the relevant contract law.** *Green Tree Fin. Corp.-Alabama v. Randolph*, **121 S. Ct. 513, 521 (2000).**

**Based on the present record, Plaintiff did not sign the "We Can Work It Out" arbitration agreement but did acknowledge receipt of it and agree to abide by it on October 17. Moreover, on October 20 when she actually came to work, she also signed the Handbook, which contains the arbitration provision. Plaintiff, therefore, did contractually agree to arbitrate. The more difficult question, and the one on which Judge Puglisi based his denial of Defendants' motion, is whether the arbitration contract is supported by adequate consideration.**

**State law controls the question of whether a valid agreement to arbitrate has been reached.** *First Options of Chicago, Inc. v. Kaplan*, **514 U.S. 938 (1995). Under New Mexico law, consideration adequate to support a promise is essential to the enforcement of a contract.** *Romero v. Earl*, **810 P.2d 808 (N.M. 1991);** *May v. Walters*, **354 P.2d 1114 (N.M. 1960). The promise of one party may be consideration for that of the other party; but each promise is in need of consideration to be binding and enforceable.** *Board of Educ., Gadsden Indep. Sch. Dist. No. 16 v. James Hamilton Constr. Co.*, **891 P.2d 556 (N.M. App. 1994),** *cert. denied*, **890 P.2d 807 (N.M. 1995);** *Acme Cigarette Servs., Inc. v. Gallegos*,

4

**577 P.2d 885 (N.M. App. 1978). Like every other element, consideration must be bargained for by the parties and result in a meeting of the minds; the mere gratuitous presence of a circumstance that could be consideration is not enough. *Romero v. Earl, supra*; *Knoebel v. Chief Pontiac*, 294 P.2d 625 (N.M. 1956). There is no legal consideration, then, if there is no bargained-for exchange. *Smith v. Village of Ruidoso*, 994 P.2d 50 (N.M. App. 1999).**

**In the present case, it is difficult to find any bargaining or consideration for the arbitration provision. The employment agreement was struck before Defendant mentioned arbitration and in any event is clearly "at will." Since both parties are free to walk away from such an arrangement at any time, it becomes a contract only when there is performance. *Lopez v. Kline*, 953 P.2d 304 (N.M. App. 1997), *cert. denied*, 952 P.2d 19 (N.M. 1998). Such a contract is terminable without reason by either party unless supported by additional consideration beyond performance. *Garrity v. Overland Sheepskin Co. of Taos*, 917 P.2d 1382 (N.M. 1996). Any terms beyond a simple exchange of labor for wages therefore require separate consideration. *Garza v. United Child Care, Inc.*, 536 P.2d 1086, 1087 (N.M. App. 1975).**

**Judge Puglisi noted that the arbitration agreement must be supported by separate consideration. He relied on the line of precedent holding that mere**

5

**continuation of at-will employment is generally not sufficient for new conditions. Slip op. at 3 citing *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126 (7th Cir. 1997). *See also Bailey v. Federal Nat'l Mortgage Ass'n*, 209 F.3d 740 (D.C. Cir. 2000) (continuing employment insufficient to support "acceptance" of arbitration). *Cf. Shankle*, 163 F.3d at 1234 (agreement not binding where employee required to post one-half of fee and signed agreement as a condition of continued employment).**

**Whether one assumes Plaintiff accepted employment on October 13 or October 17, it was clearly part of the employment at-will relationship and Defendant Employer made no bargained-for promise to Plaintiff if she would agree to arbitration. To the contrary, AGC specified in its Handbook that it was promising nothing except that it would retain the power to terminate Plaintiff at will:**

> [T]he Company reserves the right to amend, supplement, rescind or revise any policy, practice, or benefit described in this handbook – other than employment at-will provisions – as it deems appropriate.

**Co-Worker Alliance Handbook at 23.**

**While continuing employment can be consideration for conditions necessary to employment and therefore implicit in the relationship, *MAI Basic Four, Inc.***

6

*v. Basis, Inc.*, 880 F.2d 286, 288 (10th Cir. 1989), arbitration is hardly a necessary incident to employment as a golf instructor.  Likely for that reason, the majority of courts which have considered the matter have concluded that mere continued employment is not generally sufficient to create consideration for the employer's subsequent imposition of an arbitration requirement.[1]  Nor does it fit the New Mexico requirement that such consideration be "bargained for."

Moreover, intricately intertwined with the bargained-for exchange requirement is the illusory nature of Employer's promise.  On the last page of the Handbook immediately above her signature, Plaintiff is informed "the Company reserves the right to amend, supplement, rescind or revise any policy, practice, or benefit described in the Handbook – other than employment-at-will provisions – as it deems appropriate."[2]  Plaintiff, then,  specifically acknowledged, "I have

---

[1] *Bailey*, 209 F.3d at 740; *Gibson*, 121 F.3d at 1126; *Phillips v. CIGNA Investments, Inc.*, 27 F. Supp. 2d 345 (D. Conn. 1998); *Poole v. Incentives Unlimited, Inc.*, 525 S.E.2d 898 (S.C. App. 1999); *Martin v. Credit Protection Ass'n*, 793 S.W.2d 667 (Tex. 1990).  But see *O'Neil v. Hilton Head Hosp.*, 115 F.3d 272 (4th Cir. 1997); *Durkin v. CIGNA Property & Cas. Corp.*, 942 F. Supp. 481 (D. Kan. 1996).

[2] Earlier in the Handbook, Employer states:
I understand that this handbook supersedes any and all prior handbooks and that except the employment at-will and the agreement to arbitrate as provided for in this handbook, AGC reserves the right to at any time change, delete, modify, or add to any of the provisions contained in this handbook at its sole discretion, by giving written notice to us.

**read and agree to be bound by the arbitration policy set forth on page 20 of this handbook,"** *id.***, but the Defendant Employer never explicitly agreed to be bound and in any event would do so only so long as "it deems appropriate." Indeed, there is no place for Employer's signature on either the detachable We Can Work It Out form (which there is no evidence Plaintiff signed) or the Handbook itself. Here, the employment is not only at will but it is technically only the employee who acknowledges she has read "and agree[s] to be bound by the arbitration policy."**

**It is clear from both the general and specific language of the Handbook that Employer intends to be contractually bound to nothing more than an at-will relationship. If there is any consideration in Employer's representation it may arbitrate disputes, it would be defined as illusory.[3]  *See Johnson Enters. of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290 (11th Cir. 1998); *NSK Ltd. v. United States*, 115 F.3d 965, 976 (Fed. Cir. 1997); *Gray v. American Express Co.*,**

---

[3]  Corbin defines the phrase "illusory promise" as "words in promissory form that promise nothing." 2 CORBIN ON CONTRACTS § 5.28 at 142 (1995 ed.). The following example appears apropos:
> The same is true if instead of making no answer A had replied. "I predict that when the time comes I shall be willing to do what you ask." A prediction of future willingness is not an expression of present willingness and is not a promise. To see a promise in it is to be under an illusion.

*Id.*

8

**743 F.2d 10 (D.C. Cir. 1984). Indeed, the New Mexico Supreme Court has recognized that if an employer states a policy in a handbook but later treats it as non-binding, it is merely an illusory contract.** *Garcia v. Middle Rio Grande Conservancy Dist.*, **918 P.2d 7, 11 (N.M. 1996);** *Lukoski v. Sandia Indian Management Co.*, **748 P.2d 507, 510 (N.M. 1988).**

**In order to constitute consideration and satisfy the mutuality requirement, each side must bind itself to provide a benefit or incur a detriment.** *EDO Corp. v. Beech Aircraft Corp.*, **911 F.2d 1447, 1453 (10th Cir. 1990). Here, the Employer does not definitely promise to arbitrate, but purports to bind the employee to do so, at least until the Employer amends the rules. Any consideration by Employer for Plaintiff's arbitration agreement, then, is a non-promise and thus illusory.** *Smith v. Chrysler Fin. Corp.*, **101 F. Supp. 2d 534, 538 (E.D. Mich. 2000);** *Trumbull v. Century Mktg.*, **12 F. Supp. 2d 683 (N.D. Ohio 1998);** *Heurtebise v. Reliable Bus. Computers*, **550 N.W.2d 243 (Mich. 1996).** *Cf. Hooters of Am., Inc. v. Phillips*, **173 F.3d 933 (4th Cir. 1999) (arbitration procedure so one-sided that contract unenforceable).[4]**

---

[4] Other federal courts, though not following New Mexico law, have grappled with this fact pattern. Not addressing the consideration requirement, they have required the employee to arbitrate. In *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832 (8th Cir. 1997), the employee signed an arbitration clause in the back of the handbook which reserved the employer's right to alter the handbook. Both the trial and appellate courts found that since the arbitration clause was a separate

9

**This Court, like federal courts in general, is strongly in favor of the policies underlying the American Arbitration Act and of submitting the panoply of employment disputes to such resolution. A binding arbitration agreement, however, must derive from a mutually binding contract. The present contract provides no *quid pro quo*. In the only document executed by Plaintiff, she is bound to arbitrate while the Employer makes no promise except to retain its at-will status and otherwise expressly "reserves the right to amend, supplement, rescind or revise any policy, practice, or benefit."**

## O R D E R

**For the above stated reasons, the Memorandum Opinion and Order entered on August 28, 2000, by Magistrate Judge Puglisi is AFFIRMED.**

---

signed contract, it was enforceable. In the present case, Employer was unable to produce the separate detachable and signed copy of the We Can Work It Out arbitration agreement and is forced to rely on the Handbook which contains the modification reservation right above Plaintiff's signature. In *Valdiviezo v. Phelps Dodge Hidalgo Smelter, Inc.*, 995 F. Supp. 1060 (D. Ariz. 1997), the court, recognizing New Mexico law may have been controlling, avoided the issue by finding plaintiff was foreclosed from raising it. Because she had alleged the employee's handbook created the employment contract on which she brought suit, plaintiff could not simultaneously argue the contract lacked consideration.

**Dated at Albuquerque this 12th day of April, 2001.**

**BRUCE D. BLACK**
**United States District Judge**

**Counsel for Plaintiff:**
  **Martin R. Esquivel, Albuquerque, NM**
  **Karen O. Strauss, Irvine, CA**

**Counsel for Defendant:**
  **Christopher M. Moody, Albuquerque, NM**
  **Wayne C. Wolf, Albuquerque, NM**